## Schoen's Petition.

*Declaratory proceedings—Construction of will—Parties—Practice, C. P.—Act of June 18, 1923, P. L. 840.*

1. In a proceeding for a declaratory judgment, in addition to the persons in interest being made formally parties to the proceeding, they must be notified that they have been made parties or that they should appear and defend.

2. In such case, a notice is insufficient which merely informs the persons interested of the time and place of the hearing, but contains no copy of the order of the court, and nothing to notify them that they were being made parties to the record.

Petition for declaratory judgment. C. P. Schuylkill Co., Nov. T., 1924, No. 36.

*J. L. N. Channell*, for petition.

BECHTEL, P. J., Nov. 10, 1924.—In this case a petition was presented to the court by the executor of Philip Schoen, deceased, praying for a declaratory judgment construing a codicil to the will of the decedent.

Upon this petition being presented to the court, an order was made on Sept. 8, 1924, directing that Monday, Oct. 13, 1924, be fixed for a hearing and that the parties in interest named in the petition be made parties to the proceeding, and that they be served with notice of the petition and the order at least ten days prior to the date fixed for hearing.

Between the dates of Sept. 10th and Sept. 27, 1924, a notice was served upon what is stated to be all the heirs and parties in interest concerned in the estate of Philip Schoen. This notice notified each one that on Sept. 8th the petition of Jacob Schoen had been presented to the Court of Common Pleas, praying for a declaratory judgment construing the will of Philip Schoen so far as the same related to certain devises made to Olive Isabel Schoen, Elva G. Schoen and Harry Schultz, and that the court had fixed Monday, Oct. 13, 1924, for a hearing upon the questions involved in the said petition, "at which time you may appear and be heard if you see proper." Section 11 of the Act of June 18, 1923, P. L. 840, 842, provides, *inter alia:* "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

It will thus be seen that the entry of a declaratory judgment would be useless unless the parties sought to be affected thereby would be made parties to the proceeding.

We do not think that this was done in this case. While it is true that the preliminary order contained a clause that the parties in interest be made parties to the proceeding and that they be served with notice of the petition and the order, it will be noted that the notice served upon them as hereinbefore set forth contains nothing to inform them that they have been made parties to the proceeding or that they should appear and defend, or had the right to defend, or be heard in this matter at all. It is simply a notice informing them of the time and place fixed for the hearing, and contained no copy of the order of the court and nothing to notify them that they were made parties to the record.

We do not think that this is sufficient, and we do not think that this would constitute them parties to the record having had their day in court or being permitted to be heard in this matter.

And now, Nov. 10, 1924, for the reasons herein given, we decline to enter a declaratory judgment in this case.

From M. M. Burke, Shenandoah, Pa.